IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

CARL L. BURDICK,

          Defendant.

17-CR-6074

*FILED MAY 16 2017*

## PLEA AGREEMENT

The defendant, CARL L. BURDICK and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

### I. THE PLEA AND POSSIBLE SENTENCE

1. The defendant agrees to waive indictment and to plead guilty to a one-count information which charges a violation of Title 18, United States Code, Section 2423(a) (transportation of a minor in commerce with intent to engage in criminal sexual activity), for which the mandatory minimum term of imprisonment is 10 years and the maximum possible sentence is a term of imprisonment of life, a fine of $250,000, a mandatory $100 special assessment and a term of supervised release of not less than 5 years up to life. The defendant understands that the penalties set forth in this paragraph are the maximum penalties that can be imposed by the Court at sentencing.

1

2. The defendant understands that, unless the defendant is indigent, the Court must impose a special assessment of $5,000 for the offense of conviction pursuant to Title 18, United States Code, Section 3014.

3. The defendant understands, and the parties agree, that the Court must require restitution in the amount to be paid to the victim of the offense as part of the sentence pursuant to Sentencing Guidelines § 5E1.1 and Title 18, United States Code, Section 3663A. The defendant understands that defendant will not be entitled to withdraw the plea[s] of guilty based upon any restitution amount ordered by the Court.

4. The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required to serve in prison all or part of the term of supervised release, up to 5 years, without credit for time previously served on supervised release and if the defendant commits any criminal offense under Chapter 109A, 110 or 117, or Sections 1201 or 1591 of Title 18, United States Code, for which imprisonment for a term longer than 1 year can be imposed, the defendant shall be sentenced to a term of imprisonment of not less than 5 years and up to life.

5. The defendant has been advised and understands that under the Sex Offender Registration and Notification Act, the defendant must register and keep registration current in all of the following jurisdictions: where the defendant resides; where the defendant is employed; and where the defendant is a student. The defendant understands the requirements for registration include providing the defendant's name, residence address, and

the names and addresses of any places where the defendant is or will be an employee or student, among other information. The defendant further understands that the requirement to keep the registration current includes informing at least one jurisdiction in which the defendant resides, is an employee, or is a student, not later than three (3) business days after, any change of the defendant's name, residence, employment, or student status. The defendant has been advised and understands that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, Title 18, United States Code, Section 2250, which is punishable by imprisonment, a fine, or both.

6. The defendant acknowledges that a conviction in this action may result in the defendant's civil commitment pursuant to 18 U.S.C. § 4248 as a sexually dangerous person. The defendant understands that a determination as to whether the defendant will be subject to civil commitment will be made initially by the Attorney General or the Director of the Bureau of Prisons at the conclusion of the defendant's term of imprisonment and that the Court will make the final determination in a separate proceeding.

## II. ELEMENTS AND FACTUAL BASIS

7. The defendant understands the nature of the offenses set forth in Paragraph 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crime:

    a. That the defendant knowingly transported a minor in interstate commerce, from the State of New York to the State of Montana;

3

b. That the defendant did so with the intent that the minor engage in criminal sexual activity for which any person can be charged with a criminal offense;

c. That the minor was under the age of eighteen years at the time.

## FACTUAL BASIS

8. The defendant and the government agree to the following facts, which form the basis for the entry of the plea of guilty including relevant conduct:

a. Between July 1, 2015 and July 31, 2015, in the Western District of New York and elsewhere, the defendant, CARL L. BURDICK (year of birth: 1958), knowingly transported a fifteen-year-old minor female, F.M., from Wayne County, New York, to the state of Montana, with the intent that she engage in criminal sexual activity, specifically, sexual conduct with BURDICK.

b. BURDICK, a tractor-trailer driver, developed a relationship with F.M. in the Spring of 2015. The defendant communicated with the victim using a smart phone, specifically, a Samsung Galaxy Core Prime Cellular Telephone with IMEI No. 990005862097350, on which the defendant received nude photographs of F.M. BURDICK ultimately took M.V. on a trip in his tractor-trailer from her home in Wayne County, New York to the state of Montana. During the trip, F.M. was fifteen years of age and was in the custody, care, or supervisory control of the defendant.

c. At locations between New York and Montana, BURDICK engaged in sexual intercourse with F.M. inside of his tractor-trailer. BURDICK knew that F.M. was 15 years of age at the time of this offense.

## III. SENTENCING GUIDELINES

9. The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

4

## BASE OFFENSE LEVEL

10.    The government and the defendant agree that Guidelines § 2G1.3(a)(3) applies to the offense of conviction and provides for a base offense level of **28**.

## SPECIFIC OFFENSE CHARACTERISTICS
## U.S.S.G. CHAPTER 2 ADJUSTMENTS

11.    The government and the defendant agree that the following specific offense characteristics do apply:

- a. the **two** level increase pursuant to Guidelines § 2G1.3(b)(1)(B) (the minor was in the custody, care, or supervisory control of the defendant);

- b. the **two** level increase pursuant to Guidelines § 2G1.3(b)(2)(B) (the offense involved undue influence of the minor);

- c. the **two** level increase pursuant to Guidelines § 2G1.3(b)(3)(A) (offense involved the use of a computer); and

- e. the **two** level increase pursuant to Guidelines § 2G1.3(b)(4) (offense involved commission of a sex act).

## ADJUSTED OFFENSE LEVEL

12.    Based on the foregoing, it is the understanding of the government and the defendant that the adjusted offense level for the offense of conviction for Count 1 is **36**.

## ACCEPTANCE OF RESPONSIBILITY

13.    At sentencing, the government agrees not to oppose the recommendation that the Court apply the two (2) level downward adjustment of Guidelines § 3E1.1(a) (acceptance of responsibility) and further agrees to move the Court to apply the additional one (1) level

downward adjustment of Guidelines § 3E1.1(b), which would result in a total offense level of **33**.

## CRIMINAL HISTORY CATEGORY

14.  It is the understanding of the government and the defendant that the defendant's criminal history category is **I**. The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this action the defendant's criminal history category may increase. The defendant understands that the defendant has no right to withdraw the plea of guilty based on the Court's determination of the defendant's criminal history category.

## GUIDELINES' APPLICATION, CALCULATIONS AND IMPACT

15.  It is the understanding of the government and the defendant that, with a total offense level of **33** and criminal history category of **I**, taking into account the applicable mandatory minimum and maximum penalties, the defendant's sentencing range would be a term of imprisonment of **135** to **168** months, a fine of **$35,000** to **$250,000**, and a period of supervised release of **5 years up to life**. Notwithstanding this, the defendant understands that at sentencing the defendant is subject to the mandatory minimum and maximum penalties set forth in Paragraph 1 of this agreement.

16.  The government and the defendant agree to the Sentencing Guidelines calculations set forth in this agreement and neither party will advocate or recommend the application of any other Guideline, or move for any Guidelines departure, or move for or

recommend a sentence outside the Guidelines, except as specifically set forth in this agreement. A breach of this paragraph by one party will relieve the other party of any agreements made in this plea agreement with respect to sentencing motions and recommendations. A breach of this paragraph by the defendant shall also relieve the government from any agreements to dismiss or not pursue additional charges.

17. The defendant understands that the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement and the defendant will not be entitled to withdraw the plea of guilty based on the sentence imposed by the Court.

## IV. STATUTE OF LIMITATIONS

18. In the event the defendant's plea of guilty is withdrawn, or conviction vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any federal criminal offense which is not time barred as of the date of this agreement. This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty plea or vacating of the conviction becomes final.

## V. GOVERNMENT RIGHTS AND RESERVATIONS

19. The defendant understands that the government has reserved the right to:

a. provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

b. respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

c. advocate for a specific sentence consistent with the terms of this agreement including the amount of a fine and the method of payment; and

d. modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information, including conduct and statements by the defendant subsequent to this agreement, regarding the recommendation or factor.

20. At sentencing, the government will move to dismiss the Criminal Complaint pending against the defendant under Magistrate's No. 17-MJ-511.

21. The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

8

## VI. APPEAL RIGHTS

22. The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. The defendant, however, knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than a term of imprisonment, a fine and supervised release set forth in Section III, ¶ 15 above, notwithstanding the manner in which the Court determines the sentence. In the event of an appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence.

23. The defendant understands that by agreeing to not collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

24. The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater than a term of imprisonment, a fine and supervised release set forth in Section III, ¶ 15 above, notwithstanding the manner in which the Court determines the sentence. However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

9

## VII. FORFEITURE PROVISIONS

25. The defendant specifically acknowledges that in furtherance of the defendant's criminal conduct, the defendant utilized the following computer equipment and other electronic media which was seized by law enforcement officials based upon the execution of a search warrant:

   a. One, Samsung Galaxy Core Prime Cellular Telephone with IMEI No. 990005862097350.

26. Since the computer and related media is an instrumentality of the crime, the defendant specifically agrees to the forfeiture or abandonment of the computer and all of the components and related media to the United pursuant to Title 18, U.S.C., § 2428, and will be referenced in the PRELIMINARY ORDER OF FORFEITURE, and the defendant waives any rights or interest in those items which the defendant may still possess or for which the defendant may have any claim.

27. The defendant understands that the United States and any law enforcement agency acting on behalf of the United States may, in its discretion, destroy any or all of the property referred to in this agreement.

28. After the acceptance of the defendant's guilty plea, and pursuant to Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the Court will issue a Preliminary Order of Forfeiture for the item listed above. The defendant hereby waives any right to

10

notice of such Preliminary Order of Forfeiture. The defendant further consents and agrees that the Preliminary Order of Forfeiture and a Final Order of Forfeiture shall issue and become final as to the defendant prior to sentencing and agrees that it shall be made part of the defendant's sentence and included in the judgment pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure. The defendant further agrees to waive any time restrictions or requirements as provided in Title 18, United States Code, Section 983, any notice provisions in Rules 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant acknowledges that the defendant understands that the forfeiture of property is part of the sentence that may be imposed in this case and waives any failure by the Court to advise the defendant of this, pursuant to Rule 11(b)(1)(J), at the time the guilty plea is accepted. Forfeiture of the defendant's property shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

29. The defendant knowingly, intelligently, and voluntarily waives his right to a jury trial on the forfeiture of the assets. The defendant knowingly, intelligently, and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture of these assets in any proceeding, including any jeopardy defense or claim of double jeopardy, whether constitutional or statutory, as to this criminal proceeding or any related civil or administrative proceeding. The defendant further agrees to waive any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine regarding the forfeiture of assets by the United States.

30. The defendant agrees that forfeiture of the aforementioned property as authorized herein shall not be deemed an alteration of the defendant's sentence. Forfeiture of the defendant's asset shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this court may impose upon the defendant in addition to forfeiture.

31. The defendant freely, voluntarily, knowingly, and intelligently waives any right to appeal or collaterally attack any matter in connection with the forfeiture of assets as provided in this agreement.

## VIII. TOTAL AGREEMENT AND AFFIRMATIONS

32. This plea agreement represents the total agreement between the defendant, CARL L. BURDICK and the government. There are no promises made by anyone other than those contained in this agreement. This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

JAMES P. KENNEDY, JR.
Acting United States Attorney
Western District of New York

BY: _____
KYLE P. ROSSI
Assistant United States Attorney

Date: May *16*, 2017

12

## ACKNOWLEDGMENT

I have read this agreement, which consists of 13 pages. I have had a full opportunity to discuss this agreement with my attorney, Robert Smith, Esq. I agree that it represents the total agreement reached between myself and the government. No promises or representations have been made to me other than what is contained in this agreement. I understand all of the consequences of my plea of guilty. I fully agree with the contents of this agreement. I am signing this agreement voluntarily and of my own free will.

_____
CARL L. BURDICK
Defendant

Dated: May 16, 2017

_____
ROBERT SMITH, ESQ.
Attorney for the Defendant

Dated: May 16, 2017