IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

      v.

CARL BURDICK,

            Defendant.

17-CR-6074

---

## STATEMENT OF THE GOVERNMENT
## WITH RESPECT TO SENTENCING FACTORS

**PLEASE TAKE NOTICE** that the government adopts the findings of the Presentence Report with respect to sentencing factors except as to the Presentence Report's application of the United States Sentencing Guidelines.

The Plea Agreement differs from the Guideline calculation in the PSR in that the Plea Agreement calculated a total offense level of 33 and the PSR found a total offense level of 35. This is because the PSR applied the cross-reference contained in USSG § 2G1.3(c)(1), which dictates that USSG § 2G2.1 must be used to calculate the base offense level, rather than USSG § 2G1.3, which must be used if the cross-reference is not applied. Application of the cross-reference in the Presentence Report results in an increased offense level of 35, as opposed to the level 33 contemplated in the Plea Agreement. Pursuant to United States v. Lawlor, 168 F.3d 633 (2d Cir. 1999), the government is bound to advocate the calculation in the plea agreement.

Should the defendant present any letters of support or sentencing statement to the Court, the United States will move to strike the items from the record if this office is not provided with copies at least three business days prior to sentencing.

The defendant is required by 18 U.S.C. § 3013 to pay the sum of $100 at the time of sentencing. Immediately after sentencing, the defendant must pay the amount due by personal check, cashier's check or certified funds to the United State District Court Clerk.

In addition, unless the defendant is found to be indigent, a special assessment of $5,000 must be imposed pursuant to 18 U.S.C. § 3014.

It is requested that the Court order that all financial obligations be due immediately. In the event the defendant lacks the ability to immediately pay the financial obligations in full, it is requested that the Court set a schedule for payment of the obligations.

In the event present counsel for the defendant will continue to represent the defendant after sentencing in regard to the collection of unpaid financial obligation(s), it is requested that a letter so advising be sent to:

>  Asset Forfeiture/Financial Litigation Unit
>  U.S. Attorney's Office--WDNY
>  138 Delaware Avenue
>  Buffalo, New York 14202

If a letter is not received within 10 days of sentencing, the defendant will be directly contacted regarding collection of the financial obligation(s).

Upon the ground that the defendant has assisted authorities in the investigation or prosecution of the defendant's own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently, the government hereby moves the Court to apply the additional one (1) level downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(b).

**The 3553(a) Factors Support the Maximum Guideline Sentence of Imprisonment.**

In reviewing the Section 3553(a) factors, as enumerated in Title 18 of the United States Code, the government respectfully requests the Court particularly consider the need for the sentence to reflect the nature and circumstances of the offense, the seriousness of the offense, the need for deterrence, and the need to protect the public from further crimes. See Title 18, United States Code, Sections 3553(a)(1) and (a)(2). The government submits that given these factors, a maximum guideline sentence of incarceration of 168 months would be an appropriate sentence in this case.

It is well settled that calculating the advisory sentencing guidelines is the first step in determining the defendant's ultimate sentence, after which the Court must consider the §3553(a) factors. United States v. Dorvee, 616 F.3d 174, 180 (2010) quoting United States v. Gall, 552 U.S. 38, 49-50 (2007); see also, United States v. Aumais, 656 F.3d 147 (2d Cir. Sept. 8, 2011). In Aumais, decided in September 2011, the Second Circuit upheld the guidelines sentence imposed by the district court, noting that the sentence was based upon an "individualized assessment" of the §3553(a) factors. Aumais, at 157.

In this case, an *"individualized assessment"* of this defendant supports a sentence of 168 months imprisonment. Since the Court is well aware of the defendant's criminal conduct in this case, the government will not repeat it here, except to highlight the fact that in involved the defendant's seduction, manipulation, and ultimately illegal sexual relationship with a fifteen year old girl. The defendant's criminal conduct alone would justify the maximum sentence of imprisonment within the guidelines.

However, in this case, an aggravating circumstance exists with respect to this defendant, that is, his criminal history. In addition to other crimes, the defendant was arrested and convicted in 2004 in a case involving Endangering the Welfare of a Child. As detailed in the PSR, the defendant manipulated a fourteen year old girl in 2004, by offering to take her for a short trip in his tractor trailer. According to New York State Police Reports and the PSR, the defendant offered to take the victim in his truck under the guise of "counseling" the child after she had reportedly been in some trouble with her mother. During the trip, the defendant propositioned the girl to have sex with him, offered her alcohol and marijuana, and ultimately subjected her to unwanted touching and kissing.

It is the government's position that the defendant's conduct in his previous case demonstrates a pattern of predatory conduct toward teenage girls, in which he engages in grooming behavior utilizing his tractor trailer in order to engage in immoral and illegal sexual conduct.

The only sentence that will protect the community and further children from being victimized is the maximum sentence of 168 months imprisonment provided for by the guidelines.

DATED: Rochester, New York,
July 20, 2017

                                        JAMES P. KENNEDY, JR.
                                        Acting United States Attorney
                                        Western District of New York

BY:   /s/KYLE P. ROSSI
       Assistant U.S. Attorney
       U.S. Attorney's Office
       100 State Street, Suite 500
       Rochester, New York 14614
       Tel.: (585) 263-6760

TO:   Anne Burger, Esq.
       Jessica Rider, U.S.P.O.